FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUN -6 A 11: 52

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

KHALIL ABDUL MITCHELL,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL ACTION NO.: CV204-140

(Case No.: CR203-28)

## MAGISTRATE JUDGE'S REPORT and RECOMMENDATION

Petitioner Khalil Mitchell ("Mitchell") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. § 2255 while he was incarcerated at the Federal Prison Camp in Jesup, Georgia. Mitchell also filed a Supplemental Brief. Respondent filed a Response, and Mitchell filed a Reply. For the reasons which follow, Mitchell's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Mitchell was indicted for possession of firearms by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1) and 924(e), on May 9, 2003. Prior to trial, Mitchell's indictment was redacted to remove reference to Mitchell's three prior serious drug offenses based on his stipulation that he had been convicted of a felony. (Trial Tr., Vol. I, pp. 46-47.) Mitchell was convicted of the offense charged in the redacted indictment following a jury trial on October 21, 2003. The Honorable Anthony A. Alaimo sentenced Mitchell on March 4, 2004, to 18 months' imprisonment, three years' supervised release, a $4,000.00 fine, and

a $100.00 special assessment. Mitchell filed a direct appeal with the Eleventh Circuit Court of Appeals, but he also filed a motion to voluntarily dismiss his appeal. The Eleventh Circuit granted Mitchell's motion.

In the instant motion, Mitchell generally asserts that his trial attorney provided ineffective assistance of counsel. Mitchell also asserts that the judgment order is void. Mitchell further asserts that there was evidence which the jury did not find which increased his sentence.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Mitchell's Ineffective Assistance Claims are Without Merit.

Mitchell contends that his trial attorney, Cloud Miller, III ("Miller"), provided ineffective assistance of counsel. Specifically, Mitchell asserts that Miller provided ineffective assistance because he failed to: 1) make a statutory challenge to the limitation of the charge in the indictment (Mem., p. 4); 2) challenge the status of the charge as defined in the federal statute and constitutional law of jurisdiction (Mem., p. 5); 3) correctly assess Petitioner's addendum to the Presentence Report (Mem., p. 8); and 4) disclose evidence to the jury favorable to Mitchell. (Supp. Mem., p. 2.)

A claim that a defendant did not receive effective assistance of counsel involves the right to counsel, which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed.2d 674 (1984). The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Id. at 686, 104 S. Ct.

at 2064. To be successful on an ineffective assistance of counsel claim, the defendant must satisfy a two-part test: (1) his counsel's performance was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced his defense so badly that there is a reasonable probability that it impacted the result. Id. at 687-88, 104 S. Ct. at 2064; Quince v. Crosby, 360 F.3d 1259, 1265 (11th Cir. 2004). When reviewing the level of performance provided by counsel, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.

Courts must "indulge [the] strong presumption" that counsel's performance was reasonable and that counsel "made all significant decisions in the exercise of reasonable professional judgment." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000). As long as a decision can be considered sound strategy, counsel's assistance cannot be deemed ineffective. Id. (quoting Darden v. Wainwright, 477 U.S. 168, 186-87, 106 S. Ct. 2464, 2474, 91 L. Ed.2d 144 (1986)). To show that an attorney's strategic decision was unreasonable, a defendant must produce evidence that no competent counsel would have taken the same action his counsel pursued. Haliburton v. Sec'y for Dep't of Corr., 342 F.3d 1233, 1243 (11th Cir. 2003).

### A. Statutory Challenge to the Limitation of the Charge

Mitchell alleges that Miller knew or should have known that the charge of felon in possession of firearms "arose out of an arrest warrant of Manufacturing, Selling, Distributing False Identification, O.C.G.A. § 16-6-4 (a misdemeanor) which govern[ed] the charging indictment[.]" (Mem., pp. 4-5.) Mitchell asserts that Miller failed to pursue this

3

"statutory two year challenge"[1] at either the pre-trial motion hearing or at trial. (Mem., p. 5.) As a result of Miller's failure to pursue this challenge, Mitchell asserts that his defense was adversely affected because he was forced to go to trial.

Respondent avers that the "charge in the original indictment set forth that the felon in possession of firearms charge was predicated on Mitchell's four previous felony convictions, all of them serious drug offenses[.]" (Resp., p. 6.) Respondent contends that the record clearly reveals that the felon in possession charge was predicated on his prior drug offenses, all of which were felonies, not a state misdemeanor charge.

The indictment alleges that Mitchell was convicted of four separate offenses, all of which are felonies, and possessed three (3) firearms on the date in question. (Crim. Dkt., Doc. No. 1.) It is because of his felony convictions that he was charged with violating §§ 921(g)(1) and 924(e). Mitchell's assertion that Miller should have challenged the basis of the felon in possession charge is without merit. He has failed to show that Miller's performance in this regard was unreasonable or that Miller's performance prejudiced his defense. In sum, Mitchell has not established that Miller provided ineffective assistance of counsel in this regard.

### B. Status of the Charge as Defined in the Federal Statute and Constitutional Law of Jurisdiction

Mitchell contends that Miller failed to challenge the status of the charge of possession of a firearm by a convicted felon by its definition in the federal statute. Mitchell also contends that Miller failed to make the Government prove that Mitchell is an ex-felon,

---

[1] The Court cannot discern what Mitchell means by this "two year challenge". However, the underlying assertion Mitchell makes under this enumeration of error is that Miller should have objected to the federal charge of felon in possession because it arose out of state charges.

4

as defined in 18 U.S.C.A. § 921(a)(20). Mitchell further contends that had Miller made the Government prove that he was an ex-felon, there is a reasonable probability that the outcome would have been different and he would not have had the burden of proving his innocence. Mitchell asserts that Miller also failed to challenge what "the constitutes of the underlying conviction as determined in accordance with the law of jurisdiction in which the proceedings were held[.]" (Mem., p. 6.) Mitchell alleges that Miller gave him harmful and erroneous advice regarding pleading guilty to an income tax violation as an alternative to facing a 15 year sentence if Mitchell was found guilty of the gun charge. Mitchell asserts that the maximum penalty he faced on the felon in possession charge was 10 years. Mitchell contends that if he had followed Miller's advice on the plea agreement, his sentence would have ended in a 5 year prison term. (Mem., p. 7.)

Respondent alleges that Mitchell rejected the Government's offer to allow him to plead to a lesser charge, an income tax violation carrying a five year imprisonment term. Respondent asserts that Mitchell chose to proceed to trial and testify in his own defense. Respondent also asserts that counsel's advice that Mitchell stipulate that he is a convicted felon was reasonable because Mitchell's prior convictions were admissible as impeachment evidence under FED. R. EVID. 609(a)(1) given his decision to testify. Respondent avers that Mitchell's contention that if he would have relied on Miller's advice about taking the plea offer he would have received a 5 year prison term is "of no import" because Mitchell was sentenced to 18 months' imprisonment. (Resp., p. 9.) Respondent contends that Mitchell has failed to show that he was prejudiced by Miller's actions.

At trial, the Government and Mitchell stipulated "as a proved fact beyond a reasonable doubt without the need of any further proof that prior to October 6, 1999, the

5

Defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year – that is, a felony." (Trial Tr., Vol. I, pp. 46-47.) The parties also stipulated "that the jury may accept as a proven fact beyond a reasonable doubt without the need of any further proof that the following firearms were seized on October 6, 1999[,] from the business premises of Superior Printing and Document Services, 1918 Norwich Street, Brunswick, Georgia, and the weapons that are without further proof were effected in interstate commerce – the Smith & Wesson, Walther, and Taurus." (Trial Tr., Vol. I, p. 47.) The jury was instructed that "when the parties stipulate to a fact or facts, you will accept that fact or facts as being true without the necessity of any other proof." (Id.) In addition, Mitchell admitted that he was in possession of these guns (Trial Tr., Vol. I, pp. 55-60), that he was convicted of felonies (Trial Tr., Vol. I, p. 67), and that it was against the law for him to possess firearms because he is a convicted felon. (Trial Tr., Vol. I, p. 74.) Miller did not act unreasonably by not requiring the Government to prove that Mitchell is a convicted felon. This fact was stipulated to by the parties and admitted by Mitchell during his trial testimony.

Despite Mitchell's contention to the contrary, he faced a 15 year minimum sentence if he were found guilty of being a felon in possession of firearms. The Penalty Certificate submitted to the Court by the Government reveals that the maximum penalty for the offense of being a felon in possession of a firearm was "[i]mprisonment for not less than fifteen (15) years and a maximum period of life imprisonment[.]" (Crim. Dkt., Doc. No. 2.) Miller explained this to Mitchell, as well as the Government's offer to allow Mitchell to plead guilty to an income tax violation which carried a five year term, in a memorandum. (Pet'r's Ex. C, pp. 1-2.) It does not appear that Miller gave Mitchell erroneous information

6

concerning a plea agreement or the term of imprisonment he faced if he were found guilty of being a felon in possession of firearms. In addition, Mitchell rejected the plea offer and proceeded to trial. He was sentenced to 18 months' imprisonment, which is far less than the fifteen years he could have faced or even the five years he would have received by pleading guilty to the income tax charge. Even if Miller's actions were unreasonable, Mitchell cannot show that he was prejudiced by his attorney's actions.

### C.     Correctly Assess Petitioner's Addendum to the Presentence Report

Mitchell asserts that Miller failed to accurately assess his criminal history points. Mitchell contends that the time between his probation revocation in 1985 and the indictment being returned on May 9, 2003, was too great a period to count toward his criminal history points calculation. Mitchell also contends that Miller was aware that the felon in possession charge was governed by the misdemeanor state charge (O.C.G.A. § 16-9-4) but failed to challenge the basis for the felon in possession charge in the addendum of his Presentence Report ("PSI"). Mitchell alleges that Miller miscalculated the maximum penalty he faced, which should have been no more than 30 days.

Respondent asserts that Miller successfully challenged the three criminal history points which were assessed to Mitchell based on his 1983 conviction for sale of a controlled substance. Respondent contends that, according to the Probation Officer's calculations, Mitchell's base offense level was 20, and his criminal history category was III. Respondent alleges that Miller argued during sentencing that Mitchell should not receive these three points because the conviction was not countable due to its age. Respondent asserts that the Court agreed with Miller, and Mitchell's base offense level was lowered to 14, and his criminal history category was lowered to a II. Respondent also asserts that

7

Miller was successful in persuading the Court to sentence Mitchell at the lower end of the sentencing range he faced, which was 18-24 months.

The probation officer opined that Mitchell's base offense level was 20 and that he was in criminal history category III. Based on this recommendation, Mitchell faced a sentencing guideline range of 41-51 months. (PSI, ¶ 56.) However, at sentencing, Miller objected to the probation officer's recommendation, especially paragraph 29. Specifically, Miller objected to the counting of Mitchell's November 29, 1982, arrest (and subsequent guilty plea) in his calculation of his criminal history points. Miller stated that a three point assessment for this offense was not warranted pursuant to the fifteen year rule under the provisions of U.S.S.G. § 4A1.1(a) because the actual sentence served on the probation revocation was less than one year and one month. (Sent. Tr., p. 7.) The Court agreed with Miller over the probation officer's objection. Mitchell's base offense level was then 14, and his criminal history category II; he faced a sentencing guidelines range of 18-24 months. (Sent. Tr., p. 14.) Judge Alaimo then allowed Miller to make statements on Mitchell's behalf and asked the Court to consider Mitchell's "outstanding community adjustment progress and people who really believe in Mr. Mitchell" to sentence him to the lowest level of the guidelines (18 months). (Sent. Tr., p. 16.) Judge Alaimo found Miller's statements persuasive and sentenced Mitchell to 18 months' imprisonment. (Sent. Tr., p. 17.)

Miller successfully made Mitchell's assertions under this enumeration of error at sentencing. If the Court accepted the probation officer's recommendation, Mitchell faced a guideline range of 41-51 months. However, because of Miller's arguments to the Court, Mitchell faced 18-24 months' imprisonment, and Miller was able to persuade the Court to sentence his client to the lower end of this range. Mitchell's contention that Miller provided

8

ineffective assistance during sentencing is without merit. Furthermore, as discussed above, the felon in possession charge did not arise out of the state misdemeanor charge.

### D. Disclose Evidence to Jury Favorable to Petitioner

Mitchell avers that Miller knew or should have known that the felon in possession charge "arose out of discovery evidence based in part of an arrest warrant for (O.C.G.A. § 16-9-4 a Class C misdemeanor) was issued against" him. (Supp. Mem., p. 2.) Mitchell contends that Miller failed to disclose to the jury evidence that "there were no aggravated findings of fact and conclusions of law by the Court to impose an exceptional sentence above the statutory prescribed range[.]" (Id.) Mitchell appears to base these contentions on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), and Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004).

Respondent alleges that the aggravating factor Mitchell's claim is based upon was resolved in his favor at sentencing. In fact, Respondent asserts that the base offense level of 14 the Court determined is the lowest possible offense level available to convicted felons who possess firearms. Respondent also asserts that Mitchell's 18 month sentence is well below the 10 year statutory maximum sentence he faced under § 922(g), and his Blakely claim is without merit.

As discussed in the preceding section, Miller successfully argued that Mitchell should be assigned a base offense level of 14 with a criminal history category of II. The only enhancement Mitchell received was based on his possession of three firearms, a fact which was stipulated to by the parties and admitted to at trial by Mitchell. (Trial Tr., pp. 47, 74-75.) Mitchell's claim that Miller provided ineffective assistance by failing to disclose "favorable" evidence to the jury is without merit.

9

## II. The Court's Judgment

Mitchell contends that the Court's judgment order is void because it reveals that he pleaded guilty and signed a plea agreement. Respondent asserts that the judgment in this case does appear to contain a clerical error reflecting that Mitchell pleaded guilty to Count I of the indictment. However, Respondent alleges, that the record is clear that Mitchell was convicted after a jury trial. Respondent also alleges that a clerical error in the judgment does not vitiate his conviction or sentence and may be corrected by the Court at any time pursuant to FED. R. CRIM. P. 36.

The judgment entered by the Court indicates that Mitchell pleaded guilty to Count I of the indictment. (Crim. Dkt., Doc. No. 76.) However, this appears to be a scrivener's error in light of the record as a whole, which clearly reveals that Mitchell did not plead guilty to the charge in the indictment but proceeded to trial. (See e.g., Crim. Dkt., Doc. Nos. 57, 59, and 83-84.) This error did not affect Mitchell's conviction or sentence, and this contention is without merit.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Mitchell's Motion to Vacate, Set Aside, or Correct his sentence, filed pursuant to 28 U.S.C.A. § 2255, be **DENIED**.

SO REPORTED and RECOMMENDED, this 6th day of June, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)